[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 05-13764
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-22252-CV-JEM

OFELIA CANALS,

Plaintiff-Appellant,

versus

ARCHDIOCESE OF MIAMI, INC.,
CATHOLIC CHARITIES OF THE ARCHDIOCESE OF MIAMI, INC.,
MIRIAM ROMAN,
LUCIA VICENCIO,
TERESA REVUELTA, et al.,

Defendants-Appellees,

CENTRO MATER, INC., et al.,

Defendants.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(June 12, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ofelia Canals appeals the order denying her motion to recuse, which she filed, pursuant to 28 U.S.C. § 455(a) and (b)(1), after the district court entered judgments as a matter of law on her claims against six former co-workers, the Archdiocese of Miami, Inc., Catholic Charities of the Archdiocese of Miami, Inc., and Centro Mater, Inc., for violations of the Age Discrimination in Employment Act and the Florida Whistleblower Act, defamation, and conspiracy. On appeal, Canals argues that Judge Jose Martinez of the United States District Court for the Southern District of Florida should have recused himself based on his position as a Eucharistic Minister.[1] We affirm.

We review a district court's denial of a motion for recusal for abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir.1999). Under the abuse of discretion standard, we "will affirm a district judge's refusal to recuse himself unless we conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons." Id.

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself if his "impartiality might reasonably be questioned." To disqualify a judge under

---

[1]We discern no abuse of discretion in the district court's denial of Canals's request for an evidentiary hearing to further develop her theory of recusal. See Loyd v. Alabama Dep't of Corr., 176 F.3d 1336, 1339 (11th Cir. 1999) (reviewing district court's denial of a request for evidentiary hearing for abuse of discretion).

2

§ 455(a), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." Bailey, 175 F.3d at 968 (internal quotation marks omitted). In deciding whether a district judge should recuse himself under § 455(a), we consider whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted). Section 455(b) requires disqualification under specific circumstances, including situations where a judge has a personal bias or prejudice concerning a party, has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(b)(1), (2), (4).

The Supreme Court has held that where a judge's challenged actions "consist[ed] of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses," these actions were not sufficient to require a judge to recuse himself under § 455. Liteky v. United States, 510 U.S. 540, 556, 114 S.Ct. 1147, 1158, 127 L.Ed.2d 474 (1994) (emphasis added). Moreover, in Liteky, all of the challenged actions "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and

3

unequivocal antagonism that would render fair judgment impossible." Id. (emphasis in original).

Here, we readily conclude that Judge Martinez did not abuse his discretion by denying Canals's motion. Canals failed to establish the existence of a personal bias, instead asserting arguments that consisted solely of unsubstantiated speculation. Moreover, Canals's unsubstantiated speculation was insufficient to establish that the district judge's disputed rulings "(1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Id.

Upon careful review of the record and the parties' briefs, we discern no abuse of discretion and affirm.

**AFFIRMED.**